GAEDEKE v. STATEN ISLAND M. R. CO.

(Supreme Court, Appellate Division, Second Department. December 5, 1899.)

1. HIGHWAYS—USE FOR COUNTY ROADS — POWER OF SUPERVISORS AND LOCAL AUTHORITIES.

Conceding that highways may be taken as county roads in counties of less than 200,000 square miles, under either Laws 1890, c. 555, or Laws 1893, c. 333, and Laws 1895, c. 375, the power of supervisors or of the local authorities over a county road must be found in the statute under which it is taken.

2. STREET RAILROADS—USE OF HIGHWAYS—CONSENT—CONDITIONS.

Where the consent of the commissioner of highways is a necessary prerequisite to the right of a street-railroad company to lay its tracks on the highways of a town, a condition attached to their consent, requiring the company to transport passengers for a given fare within its own territory, is not void, as conflicting with the right of highway authorities in other towns or villages to prescribe conditions for the construction of the road within their limits.

Motion for reargument. Denied.

For former opinion, see 60 N. Y. Supp. 598.

Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

PER CURIAM. It is claimed that, in the decision hitherto rendered by us (43 App. Div. 514, 60 N. Y. Supp. 598), we have overlooked the amendments made to the highway law of the state by chapter 333 of the Laws of 1893 and chapter 375 of the Laws of 1895. Section 58 of the highway law reads:

"The county roads in any county shall be exclusively under the jurisdiction of the board of supervisors and the county engineer of the county, and exempt from the jurisdiction of the highway officers, or officers performing the duty of highway commissioners of the several towns and villages in which such county roads are located."

The highway over which defendant's road is constructed was made a county road, not under the general highway law or the statutes heretofore referred to, but under chapter 555 of the Laws of 1890. That act is a general one, applicable to all counties having less than 200 square miles in area. In express terms it provides that no railway "shall be laid, constructed or operated on said county roads, unless, in addition to the requirements of existing laws, the same shall be authorized by a two-thirds vote of the board of supervisors," and that the supervisors "shall have the control and jurisdiction over said county roads only for the purpose of improving and keeping the

same in repair, except as hereinbefore mentioned, and for all other purposes the said roads shall remain and be subject to the authority, control and jurisdiction of the town, village, separate road district, or local authorities to which they shall respectively belong." As the road was opened under this statute, it is subject to all the limitations and conditions therein prescribed, unless the provisions of the statute in these respects have been repealed. The acts of 1893 and 1895 do not assume in terms to repeal the earlier statute, nor do we think they are inconsistent with it. The general highway law, so far as a scheme of county roads is authorized, may well be held to apply only to counties whose area is in excess of 200 square miles. But if we concede that highways may be taken as county roads in counties of less than 200 square miles in extent, under either statute, still it follows that the power of the supervisors or of the local authorities over the road so taken must be found in the particular statute under which the road is taken. The consent of the highway authorities of the town of Southfield was therefore necessary to give the defendant authority to construct its road.

Nor do we think the condition imposed by the highway commissioners of Southfield, and assented to by the defendant, is void, as conflicting with the right of the highway authorities in the other towns or villages to prescribe conditions for the construction of the railroad within their territorial limits. It requires passengers to be transported from or to the town of Southfield to and from other points for a prescribed fare. In such travel the town may have as great an interest as where the transportation is confined solely within its own limits. The contract with the town does not assume to authorize the defendant to charge any particular rate of fare outside of its own territory. It is difficult to see how the requirement that passengers to and from Southfield shall not be charged more than five cents can in any manner conflict with the terms and conditions imposed upon the defendant by the other towns.

Motion for reargument denied.